UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

ELIZABETH KATHRYN HALL,                    Case No.: _____

    Plaintiff,

v.

DEVEN NESHAUN PERSAUD,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Elizabeth Kathryn Hall, by and through undersigned counsel, sues Defendant Deven Neshaun Persaud, and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This action is brought under 42 U.S.C. §§ 1983 and 1988 for violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. This Court has subject-matter jurisdiction over the federal civil-rights claims under 28 U.S.C. §§ 1331 1343 and §1341 (3) and (4) and the aforementioned constitutional and statutory provisions..

2. Plaintiff, Elizabeth Kathryn Hall, is and was at all times material a citizen of the United States and a resident of Florida. Plaintiff resides at 438 Somerset Drive, Auburndale, Florida 33823.

3. Defendant Deven Neshaun Persaud ("Defendant Persaud") was, at all times material, a law-enforcement officer employed by, acting for, and acting under color of law for the City of Auburndale Police Department. Defendant Persaud is sued individually for his own actions

1

taken under color of state law, and resides at and resides at 572 Heather Glen Drive, Winter Haven, Florida.

4. At all times material, Defendant Persaud acted under color of State Law, to wit, under the color of the statutes and regulations of the State of Florida and by policies, customs, regulations, and procedures as prescribed of the City of Auburndale Florida Police Department.

5. Venue is proper in the Middle District of Florida because the events giving rise to this action occurred in Auburndale, Polk County, Florida, and Defendant Persaud acted or caused harm within this District, and the Defendant resides at: 572 Heather Glen Drive, Winter Haven, Florida 33883. This case is properly filed in the Tampa Division because Auburndale and Polk County are most directly connected to the Tampa Division of the United States District Court for the Middle District of Florida.

## STATEMENT OF FACTS

6. On or about September 5, 2025, at approximately 2023 hours, the Polk County Sheriff's Office communications center received a traffic complaint concerning a gray Tesla bearing Georgia tag CML9989 in the area of Polk City Road, Dickey Road, C. Fred Jones Boulevard, and the Polk Parkway in Auburndale, Florida.

7. Defendant Persaud responded to the call. His report and affidavit identified the incident as Auburndale Police Department Report No. 25-1715, City of Auburndale Incident No. 250001715, Agency ORI No. FL0530100, and the criminal matter later associated with Polk County case number 53-2025-CF-008141-A000-BA, also referenced as CF25008141.

2

8.  Plaintiff Elizabeth Kathryn Hall was the driver of the gray Tesla Model 3. The vehicle was associated with Georgia tag CML9989.

9.  Defendant Persaud claimed in his sworn police report and charging affidavit that he located the Tesla at or near Polk City Road and William Van Fleet Road, followed the vehicle toward C. Fred Jones Boulevard, stayed approximately two car lengths behind it, and turned off his patrol vehicle's running lights or headlamps to observe whether the vehicle was driving erratically.

10. Defendant Persaud further claimed that the Tesla slammed on its brake at approximately 45 miles per hour and slowed to approximately 30 miles per hour; that the Tesla slowed in front of his patrol vehicle a total of four times; that the Tesla applied its brakes "harshly"; that Defendant Persaud had to maneuver his patrol vehicle multiple times to avoid colliding with the rear of the Tesla; and that there were no other vehicles on the westbound roadway besides Defendant Persaud and the Tesla.

11. Those statements were material because Defendant Persaud used them as the stated basis to stop the Tesla and later to justify Plaintiff's detention, arrest, sworn probable-cause affidavit, and felony prosecution.

12. At the time the Defendant stopped the vehicle driven by the Plaintiff, he did not know that the Tesla was programed to video record everything. The Tesla video evidence contradicted Defendant Persaud's account; that the video did not show the harsh braking, four braking events, evasive maneuvers, absence of other vehicles, or traffic infractions described by Defendant Persaud in his arrest report.

3

13. The video showed that the Tesla's brake lights illuminated only twice, not four times; the braking was momentary and not "harsh"; Defendant Persaud's patrol vehicle did not take evasive action or maneuver to avoid a collision; at least one other passenger vehicle and a commercial semi-truck were nearby; and Plaintiff's lane changes were properly signaled.

14. The video from the time Defendant Persaud claimed he located the Tesla through the beginning of the traffic stop, no traffic infraction appeared that would have given Defendant Persaud probable cause to stop the Tesla.

15. The video timeline file reflects that the Tesla came to a stop at the intersection of Highway 559 and William Van Fleet Road; later turned to travel westbound on C. Fred Jones Boulevard; made properly signaled lane changes; had its brake lights briefly illuminate; and that the traffic stop began when Defendant Persaud activated his emergency lights at approximately video timestamp 0:19:34.

16. Defendant Persaud stopped Plaintiff near C. Fred Jones Boulevard and William Van Fleet Road in Auburndale, Florida. Defendant Persaud then approached the Tesla, demanded compliance with his commands, moved to the driver's side, and directed Plaintiff to exit the vehicle.

17. Defendant Persaud alleged in his sworn report and affidavit that Plaintiff refused lawful commands, tensed her hands, pulled away, kicked, scratched, and intentionally touched or struck him. Defendant Persaud used those allegations to arrest Plaintiff for felony resisting an officer with violence and felony battery on a law-enforcement officer, an alleged violation of § 843.01, Florida Statutes, and Battery on a Law Enforcement Officer, in alleged violation of § 784.07(2)(b), Florida Statutes. Both charges were listed as third-degree felonies. .

4

18. Plaintiff did not commit the felony offenses alleged by Defendant Persaud. Plaintiff did not batter Defendant Persaud, did not resist Defendant Persaud with violence, and did not commit any offense justifying her felony arrest.

19. Defendant Persaud caused Plaintiff to be arrested and booked for Resisting Officer with Violence, in violation of § 843.01, Florida Statutes, and Battery on a Law Enforcement Officer, in alleged violation of § 784.07(2)(b), Florida Statutes.

20. Defendant Persaud's arrest report and probable cause affidavit were sworn or electronically attested as true and correct and were used to initiate, maintain, and continue the felony prosecution against Plaintiff.

21. On or about April 6, 2026, the State Attorney's Office received Tesla video evidence. On or about April 23, 2026, the criminal proceedings against Plaintiff were terminated in Plaintiff's favor by nolle prosequi because further prosecution was not warranted based on information learned during discovery.

22. The internal investigation by the City of Auburndale Police Department found that Defendant Persaud provided untruthful sworn or recorded statements regarding the incident, knowing that the report was not accurate, and attempted to explain the false report by saying that it was either requested by a prior supervisor or was only a hypothetical event.

23. The internal investigation further found that Defendant Persaud falsely and knowingly entered inaccurate information into a sworn, attested police report and affidavit; that his false documentation and failure to abide by a citizen's basic civil rights caused substantial doubt regarding his honesty and fairness; and that his conduct showed a lack of following state law and legal guidelines concerning basic police work, including probable cause to stop a vehicle.

5

24. The falsified report and affidavit were not immaterial errors. They supplied the asserted basis for the initial traffic stop, Plaintiff's seizure and detention, Plaintiff's felony arrest, the alleged battery and resisting charges, and the continuation of the criminal case until defense video evidence exposed the false and misleading narrative.

25. As a direct and proximate result of Defendant Persaud's conduct, Plaintiff suffered loss of liberty, unlawful seizure, false arrest, malicious prosecution, humiliation, emotional distress, trauma, reputational harm, legal expenses, defense costs, physical pain and injury, loss of time, loss of independence, loss of enjoyment of life, loss of work and earning opportunities, loss of athletic and international competition opportunities, property interference, and other compensable damages.

26. Before the unlawful stop, arrest, and felony prosecution, Plaintiff was an elite competitive water-ski athlete who had competed in USA junior, USA Open, U17, U21, Open, Team USA, and international events. Plaintiff was a member of USA Water Ski & Wake Sports and the International Waterski & Wakeboard Federation (IWWF), and her competitive history included International World USA Team gold, PanAm Championship medals, Moomba Masters appearances and medals, U.S. Masters invitations and medals, Team USA and international events, Malibu Open events, Georgia State championships, Southern Region championships, USA Nationals Jump and Overall championships, U.S. Open medals, Canadian Open and CanAm events, and related sponsor relationships.

27. The felony arrest alleged crimes of violence against a law-enforcement officer, including resisting an officer with violence and battery on a law-enforcement officer. Those felony charges carried obvious character, background-check, travel, team-selection, sponsorship, and reputation consequences for an athlete competing in national and international events.

6

28. As a direct result of the arrest, the public charges, and the continuing criminal case, Plaintiff was removed from or unable to participate in international events, USA athlete opportunities, and tournaments because of travel restrictions, background checks, character concerns, inability to train, and the stigma associated with the felony charges.

29. Even after Plaintiff stopped skiing and had no new scores, she continued to receive invitations from event organizers, countries, and tournaments, but those opportunities had to be declined because of the pending charges, travel restrictions, background-check concerns, character concerns, lack of ability to train, and the continuing need to complete expungement before she could attempt to resume those activities.

30. Since the arrest, Plaintiff could not participate in any tournament. As a result, she has lost athletic opportunities, competitive standing, potential awards, prize-related opportunities, sponsor and equipment opportunities, coaching opportunities, professional-advisement opportunities, and other career and earning opportunities connected to her competitive water-ski career.

31. Plaintiff's ability to work in her water-ski profession and related activities ended immediately on September 5, 2025. She lost the ability to earn income, awards, benefits, sponsorship value, and professional opportunities from competing, winning, participating, coaching, advising, and maintaining her standing in the water-ski community.

32. The arrest and felony charges were publicized, including through a Facebook post viewed by people in the United States and internationally. Publicly available court and clerk information also exposed personal information, including Plaintiff's address, telephone number, and driver's-license information, which caused Plaintiff to receive disturbing calls, text messages, and drive-bys from people she did not know.

33. Because of the publicity, stigma, and allegations of violence and battery against a law-enforcement officer, Plaintiff also suffered severe reputational harm in her personal life, athletic community, international water-ski community, and among potential event organizers, sponsors, teammates, and friends.

34. As a direct result of the arrest and prosecution, Plaintiff has suffered severe emotional distress, trauma, fear, anxiety, humiliation, embarrassment, loss of confidence, loss of independence, and loss of enjoyment of life. Plaintiff's changed from a bubbly, outgoing, independent, joyful, happy, strong, and courageous person into a person who is fearful, isolated, and traumatized.

35. Since the arrest, Plaintiff rarely leaves her home, rarely goes outside, avoids public contact, and has near no contact with friends. Until on or about June 21, 2026, Plaintiff would only leave the home when accompanied by her parents; on that date, she left with a neighbor for approximately one hour, which was the first time after the arrest that she left with anyone other than her parents.

## COUNT I

### 42 U.S.C. § 1983 - Unlawful Traffic Stop / Unreasonable Seizure Under the Fourth Amendment Against Defendant Deven Neshaun Persaud

36. Plaintiff realleges and incorporates by reference only the factual allegations set forth in paragraphs 1 through 35, as if fully set forth herein.

37. Defendant Persaud, acting under color of state law, initiated and continued a traffic stop of Plaintiff without reasonable suspicion, probable cause, or any other lawful basis.

8

38. Defendant Persaud claimed that Plaintiff engaged in erratic driving, brake-checking, harsh braking, unsafe lane changes, and conduct suggesting impairment or medical emergency, but those material statements were false and contradicted by Tesla video evidence.

39. A reasonable officer in Defendant Persaud's position would not have believed that Plaintiff committed a traffic violation, was driving under the influence, was experiencing a medical emergency, or was committing any offense justifying the stop and continued detention.

40. Defendant Persaud's stop and continued detention of Plaintiff were objectively unreasonable and violated the Fourth Amendment.

41. Defendant Persaud acted intentionally, knowingly, recklessly, maliciously, or with deliberate indifference to Plaintiff's clearly established constitutional rights.

42. As a direct and proximate result, Plaintiff suffered the damages alleged herein and is entitled to compensatory damages, costs, attorney's fees under 42 U.S.C. § 1988.

## COUNT II

### 42 U.S.C. § 1983 - False Arrest / Unlawful Detention Under the Fourth Amendment
### Against Defendant Deven Neshaun Persaud

43. Plaintiff realleges and incorporates by reference only the factual allegations set forth in paragraphs 1 through 35, as if fully set forth herein.

44. Defendant Persaud seized, detained, handcuffed, arrested, and caused Plaintiff to be booked and prosecuted without probable cause.

45. Plaintiff did not resist Defendant Persaud with violence, did not batter Defendant Persaud, did not commit a felony, and did not commit any offense that justified her arrest.

46. Defendant Persaud created the false appearance of probable cause by making materially false statements and omitting material exculpatory facts from the arrest affidavit, police report, probable-cause narrative, and related law-enforcement records.

47. Without Defendant Persaud's false statements and material omissions, no reasonable officer could have believed probable cause existed to arrest Plaintiff for resisting an officer with violence, battery on a law-enforcement officer, or any other felony offense.

48. The false arrest and unlawful detention were objectively unreasonable under the Fourth Amendment.

49. Defendant Persaud acted intentionally, knowingly, recklessly, maliciously, or with deliberate indifference to Plaintiff's clearly established constitutional rights.

50. As a direct and proximate result, Plaintiff was deprived of liberty, handcuffed, transported, booked, jailed or detained, prosecuted, humiliated, and otherwise damaged.

51. Plaintiff is entitled to compensatory damages, costs, attorney's fees under 42 U.S.C. § 1988.

## COUNT III

### 42 U.S.C. § 1983 - Excessive Force / Unreasonable Manner of Seizure Under the Fourth Amendment Against Defendant Deven Neshaun Persaud

52. Plaintiff realleges and incorporates by reference only the factual allegations set forth in paragraphs 1 through 35, as if fully set forth herein.

53. Defendant Persaud used force against Plaintiff during the unlawful stop, detention, extraction, handcuffing, arrest, and seizure of her person and property.

10

54. The force included, without limitation, attempting to open or control the driver's door, physically detaining Plaintiff, maneuvering her against the Tesla, forcing her hands and arms into handcuffs, and seizing her cell phone or personal property during an arrest that lacked lawful justification.

55. Plaintiff was not committing a violent offense, was not fleeing, was not presenting an immediate threat, and was not resisting arrest with violence.

56. The force used by Defendant Persaud was unnecessary, disproportionate, and objectively unreasonable under the Fourth Amendment, especially because the stop and arrest were themselves unsupported by probable cause.

57. Defendant Persaud's unreasonable force caused physical pain, emotional distress, humiliation, fear, and reputational harm.

58. Defendant Persaud acted intentionally, knowingly, recklessly, maliciously, or with deliberate indifference to Plaintiff's rights.

59. Plaintiff is entitled to compensatory damages, costs, attorney's fees under 42 U.S.C. § 1988.

## COUNT IV

**42 U.S.C. § 1983 - Malicious Prosecution / Fabrication of Evidence / False Probable-Cause Affidavit Under the Fourth and Fourteenth Amendments Against Defendant Deven Neshaun Persaud**

60. Plaintiff realleges and incorporates by reference only the factual allegations set forth in paragraphs 1 through 35, as if fully set forth herein.

61. Defendant Persaud caused the commencement and continuation of felony criminal proceedings against Plaintiff by submitting, approving, swearing to, or causing to be

11

submitted a false and materially misleading arrest affidavit, police report, and probable-cause narrative.

62. Defendant Persaud's false statements and material omissions were used to initiate and maintain criminal charges against Plaintiff for resisting an officer with violence and battery on a law-enforcement officer.

63. Defendant Persaud knew, or recklessly disregarded, that the material allegations used to support the felony charges were false, incomplete, or misleading.

64. Plaintiff was seized pursuant to legal process and subjected to criminal prosecution based on Defendant Persaud's fabricated evidence, false statements, and material omissions.

65. The criminal proceedings terminated in Plaintiff's favor when the State Attorney declined further prosecution and the case was nolle prossed.

66. Defendant Persaud's conduct violated Plaintiff's rights under the Fourth and Fourteenth Amendments to be free from seizure and prosecution based on fabricated evidence, false statements, and material omissions.

67. As a direct and proximate result, Plaintiff suffered loss of liberty, damage to reputation, humiliation, emotional distress, defense costs, legal expenses, and other damages.

68. Plaintiff is entitled to compensatory damages, costs, attorney's fees under 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Elizabeth Kathryn Hall, demands judgment against Defendant Persaud as follows:

12

a.  That this Court enter judgment in favor of Plaintiff and against Defendant Persaud on Counts I through IV;

b.  That Plaintiff recover compensatory damages for loss of liberty, physical injuries, emotional distress, trauma, humiliation, reputational harm, loss of independence, loss of enjoyment of life, loss of athletic opportunities, loss of international and Team USA water-ski opportunities, loss of income and earning capacity, lost sponsorships, coaching, and professional-advisement opportunities for Counts I through IV in the amount of $5,000,000;

c.  That Plaintiff recover reasonable attorney's fees and costs under 42 U.S.C. § 1988 for the federal civil-rights claims;

d.  That Plaintiff recover costs and any recoverable litigation expenses; and

e.  That this Court award such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues of fact.

DATED this 27 day of July 2026.

Respectfully submitted,

WILLIAM M. POWELL, ESQUIRE
Florida Bar No.: 343994
2256 First Street, Suite 226
Fort Myers, Florida 33901
Email: william@lawinfo.pro

14