**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ELIZABETH KATHRYN HALL, Case No. 8:26-cv-02148-MSS-NHA

Plaintiff,

v.

DEVEN NESHAUN PERSAUD,

Defendant.
_______________________________________/

**PLAINTIFF'S RESPONSE IN PARTIAL OPPOSITION TO DEFENDANT'S MOTION FOR 30-DAY EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT**

Plaintiff Elizabeth Kathryn Hall responds to Defendant Deven Neshaun Persaud's Partially Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Complaint (Doc. 10). Plaintiff does not oppose a 15-day extension, through September 10, 2026, but opposes Defendant's request for an additional 15 days, through September 25, 2026. The motion supplies no specific facts showing why the agreed 15-day extension is insufficient. Plaintiff therefore asks the Court to grant the motion only in part.

## I. RELEVANT BACKGROUND

Plaintiff filed the Complaint on July 27, 2026. (Doc. 1.) Defendant was personally served on August 5, 2026, making his response due August 26, 2026. (Doc. 10 at 1.) On the day of that deadline, Defendant requested 30 additional days. The requested extension would allow approximately 51 days after service to answer or otherwise respond.

Plaintiff agreed to 15 additional days. (Id. at 2.) That extension would give Defendant approximately 36 days after service. Defendant nevertheless seeks another 15 days because he 'recently retained' counsel and counsel wishes to review the record, confer with Defendant, and prepare a response. (Id. at 1.) The motion does not state when Defendant retained counsel, when

counsel began reviewing the matter, what efforts have been made since service, what materials remain unavailable, or why the agreed 15-day extension will not permit a response.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 6(b)(1)(A), the Court may extend a deadline before it expires only 'for good cause.' The Supreme Court has emphasized that an extension must be supported by cause shown and remains within the district court's discretion. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 896 (1990). In applying Rule 6(b), the Eleventh Circuit has explained that the requesting party must show that the deadline could not be met despite the party's diligence. *Ashmore v. Secretary, Department of Transportation*, 503 F. App'x 683, 686 (11th Cir. 2013) (per curiam) (citing *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008)).

Courts in this District routinely allow reasonable extensions sought in good faith when they cause no prejudice or case-management problem. *Gillio v. U.S. Bank, N.A.*, No. 6:12-cv-1548-Orl-36TBS, 2013 WL 12387342, at *1 (M.D. Fla. July 1, 2013). But Rule 6 still requires the movant to justify the length sought. In a recent Middle District case, the Court denied an unsupported 45-day request while granting only the five-business-day extension the opposing party had accepted. *Western Botanicals FL, LLC v. Morse*, No. 6:24-cv-1871-PGB-LHP, Doc. 43 at 3-4 (M.D. Fla. Dec. 10, 2024).

## III. DEFENDANT HAS NOT SHOWN GOOD CAUSE FOR THE EXTRA 15 DAYS

The issue is narrow. Plaintiff has already accommodated Defendant by consenting to a 15-day extension. Defendant must therefore show why that additional time is inadequate and why a full 30-day extension is necessary. The motion does not make that showing.

First, the assertion that counsel was 'recently retained' does not establish diligence. Defendant was personally served on August 5 and had the full 21-day response period to secure

counsel. Yet the motion omits the date of retention, any explanation for delay in retaining counsel, and any account of work performed before the August 26 deadline. Without those facts, the Court cannot determine that the deadline could not be met despite diligence. *Ashmore*, 503 F. App'x at 686.

Second, the motion's description of the record does not explain the need for 30 days. The Complaint is 14 pages and asserts four claims concerning Defendant's own traffic stop, arrest, reports, and role in the resulting prosecution. The materials identified in the motion - a police report, charging affidavit, video evidence, an internal investigation file, and the state criminal record - arise from events in which Defendant was the central actor or are official records. The motion identifies no missing witness, unavailable record, unusual legal issue, or other concrete obstacle that cannot be addressed during the agreed 15 days.

Third, a responsive pleading does not require counsel to complete merits discovery. Federal Rule of Civil Procedure 8(b)(5) expressly permits a defendant who lacks knowledge sufficient to admit or deny an allegation to state that lack of knowledge, which operates as a denial. Counsel may also present any Rule 12 defense supported by the Complaint and applicable law. A generalized desire for a complete investigation does not, without more, show that an answer or Rule 12 response cannot be prepared by September 10.

Finally, the agreed extension is substantial and balanced. It gives Defendant about five weeks from service to respond, while allowing this civil-rights case to proceed without an unnecessary additional delay at its outset. The extra 15 days sought beyond that accommodation rests only on generalities. Under Rule 6(b), *Lujan*, 497 U.S. at 896, and the diligence standard applied in *Ashmore*, 503 F. App'x at 686, those generalities do not establish good cause for the full 30 days requested.

## IV. CONCLUSION

Plaintiff respectfully requests that the Court grant Defendant's motion only in part, extend Defendant's deadline to answer or otherwise respond through September 10, 2026, and deny the requested extension beyond that date.

Dated: August 26, 2026

Respectfully submitted,

***/s/ William M. Powell***
**WILLIAM M. POWELL, ESQUIRE**
Florida Bar No. 343994
Powell Law Offices, P.A.
2256 First Street, Suite 226
Fort Myers, Florida 33901
Telephone: (239) 281-5763
Email: william@lawinfo.pro
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 26, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

***/s/ William M. Powell***