UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIZABETH KATHRYN HALL,

Case No. 8:26-cv-02148-MSS-NHA

Plaintiff,

v.

DEVEN NESHAUN PERSAUD,

Defendant.
_______________________________________/

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendant Deven Neshaun Persaud answers the First Amended Complaint ("FAC") filed by Plaintiff Elizabeth Kathryn Hall, as follows:

1. Admit.

2. Persaud lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 2 of the FAC.

3. Persaud admits that he was a duly appointed police officer employed by the City of Auburndale and assigned to the Auburndale Police Department, that he is sued solely in his individual capacity, and that he acted under color of Florida law when he stopped, detained, and arrested Hall. Persaud denies the remaining allegations set forth in paragraph 3 of the FAC.

4. Persaud admits that this action arises from a traffic stop, an arrest, and a criminal prosecution of Hall, but he denies the remaining allegations set forth in paragraph 4 of the FAC.

5. Persaud admits that his report and probable-cause affidavit describe Hall's driving, her refusal to comply with commands, and her physical contact with him during the encounter. Persaud denies the remaining allegations set forth in paragraph 5 of the FAC.

6. Persaud admits that the State entered a nolle prosequi, that the Auburndale Police Department conducted a second internal-affairs investigation, and that the second investigation returned sustained findings that he made untruthful sworn statements. Persaud denies the remaining allegations set forth in paragraph 6 of the FAC.

7. Admit.

8. Admit.

9. Admit.

10. Persaud admits that he reported that he observed the Tesla "slam on its brakes at 45mph and slow down to approximately 30mph" and that he further reported he observed the Tesla "proceed[] to slow down in front of [his] patrol vehicle a total of four (4) times and apply the brakes harshly to the point [he] had to maneuver [his] patrol vehicle #3003 multiple times to avoid colliding into the rear of the Gray Tesla." Persaud further admits that he reported that "there were no other vehicles on the roadway heading westbound on C-Fred Jones Road besides [himself] and the Gray Tesla." Persaud denies the remaining allegations set forth in paragraph 10 of the FAC.

11. Persaud admits that his observations of the Tesla's driving were material to his decision to initiate the traffic stop. Persaud denies the remaining allegations set forth in paragraph 11 of the FAC.

12. Persaud lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 12 of the FAC.

13. Persaud lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 13 of the FAC.

14. Deny.

15. Persaud admits that he initiated the traffic stop near C. Fred Jones Boulevard and William Van Fleet Road, activated his emergency lights, approached the Tesla, issued commands, moved to the driver's side, and directed Hall to exit the vehicle. Persaud denies the remaining allegations set forth in paragraph 15 of the FAC.

16. Deny.

17. Persaud admits that his report and sworn probable-cause affidavit describe Hall's refusal to comply with commands, her tensing and pulling away, and her physical contact with him. Persaud denies the remaining allegations set forth in paragraph 17 of the FAC.

18. Deny.

19. Deny.

20. Deny.

21. Persaud admits that he removed Hall from the Tesla, took hold of her arms, placed her against the rear of the vehicle, and applied handcuffs. Persaud denies the remaining allegations set forth in paragraph 21 of the FAC.

22. Persaud admits that he sustained abrasions to his forearm and finger during the encounter and that Hall's physical contact with him caused those abrasions. Persaud denies the remaining allegations set forth in paragraph 22 of the FAC.

23. Admit.

24. Persaud admits that he reported over county dispatch radio that he had one person detained and that he later reported Hall's resistance and physical contact with him. Persaud lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 24 of the FAC.

25. Persaud admits that he prepared, swore to, and submitted a probable-cause affidavit and related narrative. Persaud denies the remaining allegations set forth in paragraph 25 of the FAC.

26. Persaud admits that a judicial officer reviewed his sworn probable-cause affidavit at Hall's initial appearance, made a probable-cause determination, set a cash bond on the felony charges, and ordered that Hall remain detained unless and until the bond was posted. Persaud lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Hall's release, and denies the remaining allegations set forth in paragraph 26 of the FAC.

27. Persaud lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 27 of the FAC.

28. Persaud lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 28 of the FAC.

29. Persaud admits that an initial internal-affairs investigation was closed while the criminal charges remained pending, that the Auburndale Police Department thereafter opened a second investigation, that he resigned during that second investigation, and that the second investigation returned sustained findings. Persaud denies that he was untruthful, denies that he falsified any report, denies that the arrest lacked probable cause, and denies the remaining allegations set forth in paragraph 29 of the FAC.

30. Persaud lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 30 of the FAC.

31. Persaud lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 31 of the FAC.

32. Persaud admits that the State filed a written Nolle Prosequi and that the criminal case ended without a conviction or plea. Persaud lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 32 of the FAC.

33. Persaud lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 33 of the FAC.

34. Persaud lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 34 of the FAC.

35. Persaud lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 35 of the FAC.

36. Persaud lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 36 of the FAC.

37. Persaud lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 37 of the FAC.

38. Deny.

39. Deny.

40. Persaud incorporates his responses to paragraphs 1 through 39 of the FAC.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

45. Persaud admits that, at the time of the incident, it was clearly established that a person may peacefully question and criticize police conduct and request a supervisor. Persaud

lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 45 of the FAC.

46. Deny.

47. Persaud incorporates his responses to paragraphs 1 through 39 of the FAC.

48. Persaud admits that he seized Plaintiff within the meaning of the Fourth Amendment when he detained her. Persaud denies the remaining allegations set forth in paragraph 48 of the FAC.

49. Persaud admits that he located the Tesla and followed it for a specific period of time with his lights off to observe its driving before deciding whether to stop it. Persaud denies the remaining allegations set forth in paragraph 49 of the FAC.

50. Persaud admits that an officer cannot create reasonable suspicion by knowingly or recklessly fabricating personal observations, but Persaud denies the remaining allegations set forth in paragraph 50 of the FAC.

51. Deny.

52. Deny.

53. Persaud incorporates his responses to paragraphs 1 through 39 of the FAC.

54. Admit.

55. Deny.

56. Deny.

57. Deny.

58. Persaud admits that he did not cite Hall with a traffic offense. Persaud denies the remaining allegations set forth in paragraph 58 of the FAC.

59. Persaud admits that, at the time of the incident, it was clearly established that a warrantless arrest requires probable cause and that an officer may not obtain or defend an arrest by knowingly or recklessly fabricating the conduct constituting the offense. Persaud denies the remaining allegations set forth in paragraph 59 of the FAC.

60. Deny.

61. Deny.

62. Persaud incorporates his responses to paragraphs 1 through 39 of the FAC.

63. Deny.

64. Deny.

65. Persaud denies the allegations in the first three sentences of paragraph 65 of the FAC. Persaud denies the remaining allegations set forth in paragraph 65 of the FAC.

66. Admit.

67. Deny.

68. Deny.

69. Persaud incorporates his responses to paragraphs 1 through 39 of the FAC.

70. Persaud admits that he prepared, swore to, and submitted a probable-cause affidavit and arrest narrative, and that Hall was charged with resisting an officer with violence under section Fla. Stat. § 843.01, and battery on a law-enforcement officer under Fla. Stat. § 784.03, as reclassified by Fla. Stat. § 784.07(2)(b). Persaud denies the remaining allegations set forth in paragraph 70 of the FAC.

71. Deny.

72. Deny.

73. Deny.

74. Persaud admits that the State announced a nolle prosequi in open court, that the State formally filed the written Nolle Prosequi, and that the criminal case ended without a conviction or plea. Persaud denies the remaining allegations set forth in paragraph 74 of the FAC.

75. Persaud admits that, at the time of the incident, it was clearly established that an officer may not procure or maintain a seizure pursuant to legal process by intentionally or recklessly including material false statements in, or omitting material facts from, a probable-cause affidavit. Persaud denies the remaining allegations set forth in paragraph 75 of the FAC.

76. Deny.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Persaud is entitled to qualified immunity on each count. Persaud had at least arguable reasonable suspicion to initiate the traffic stop based on the dispatched traffic complaint and his own observations of the Tesla's driving, at least arguable probable cause to arrest Hall for resisting an officer with violence and battery on a law-enforcement officer based on her refusal to comply and her physical contact with him, and no clearly established law placed beyond debate the lawfulness of the stop, the arrest, the force used to secure Hall, or the submission of his probable-cause affidavit.

### Second Affirmative Defense

The stop was supported by reasonable suspicion and the arrest was supported by probable cause. The dispatched traffic complaint, which was placed by a citizen who identified herself by name, supplied a callback telephone number, and remained available for further contact, and which relayed the vehicle's color, make, tag number, and direction of travel, and Persaud's observations of the Tesla's repeated abrupt braking supplied a particularized and objective basis

to believe that the driver was impaired, experiencing a medical emergency, or driving unlawfully, and Hall's conduct during the encounter supplied probable cause to believe she had committed the charged offenses. The existence of reasonable suspicion and probable cause defeats Counts II, III, and V.

**Third Affirmative Defense**

To the extent Count I is based on Hall's arrest or the prosecution that followed, the claim fails because probable cause supported the arrest and the charges, as set forth in the Second Affirmative Defense. And the First Amended Complaint alleges no objective evidence that officers typically decline to arrest under similar circumstances.

**Fourth Affirmative Defense**

The force Persaud used was objectively reasonable under the totality of the circumstances confronting him, was employed only to secure a person who was pulling away and physically resisting, and was *de minimis*. Any pain Hall associates with her handcuffing was incidental to a lawful arrest.

**Fifth Affirmative Defense**

Hall's post-process detention was caused by the intervening and independent judgment of the judicial officer who made the probable-cause determination and set bond, and by the independent charging decision of the State Attorney's Office. Those independent determinations break the chain of causation between Persaud's conduct and the damages Hall attributes to her prosecution and detention.

**Sixth Affirmative Defense**

To the extent Hall seeks damages arising from her booking and confinement in the Polk County Jail, including the conditions of her confinement and the denial of access to prescribed

medication, those injuries were caused by persons over whom Persaud exercised no control and for whose conduct he bears no responsibility.

**Seventh Affirmative Defense**

Hall's injuries were caused or contributed to by her own conduct, including her refusal to comply with lawful commands and her physical resistance during the arrest. Fla. Stat. § 776.051(1) provides that a person is not justified in using or threatening to use force to resist an arrest by a law enforcement officer, even an unlawful arrest.

**Eighth Affirmative Defense**

Hall's recovery of damages is barred or must be reduced because she failed to exercise reasonable diligence to mitigate the athletic, sponsorship, professional, economic, and other losses she claims.

**Ninth Affirmative Defense**

Hall is not entitled to punitive damages because Persaud did not act with evil motive or intent or with reckless or callous indifference to Hall's federally protected rights.

**Tenth Affirmative Defense**

At all times material to this action, the Auburndale Police Department required that a supervisor review an officer's probable-cause affidavit before the affidavit was submitted to jail personnel. Persaud's probable-cause affidavit was reviewed, edited, and approved by a supervisor before submission, and Persaud relied in good faith on that review and on his supervisor's explanation of the offenses supported by the facts he reported. Persaud did not knowingly or recklessly include any false statement in, or omit any material fact from, the affidavit. His good-faith reliance on the Department's mandatory review process defeats the state of mind required to sustain Counts III and V and independently entitles him to qualified immunity on those counts.

**Eleventh Affirmative Defense**

Pleaded in the alternative to the First and Second Affirmative Defenses, and to the extent any observation Persaud recorded in his incident report or probable-cause affidavit is determined to have been inaccurate, the inaccuracy was the product of an honest and reasonable mistake of perception rather than a knowing or reckless misstatement. The encounter began at dusk under deteriorating light, the Tesla's windows were darkly tinted, the interior of Persaud's patrol vehicle was illuminated by his mobile data terminal and interior lighting, and Persaud's corrective lenses were fogged during the encounter. A reasonable mistake of fact does not deprive an officer of qualified immunity, and a good-faith error of perception does not satisfy the deliberate-or-reckless-falsity standard governing Counts II, III, and V.

**<u>RELIEF REQUESTED</u>**

Defendant Deven Neshaun Persaud respectfully requests that the Court deny the relief sought by Plaintiff Elizabeth Kathryn Hall, enter judgment in his favor on the First Amended Complaint, and grant him such further relief as the Court deems just and proper, including the costs and fees he incurred in this action.

\\

\\

\\

\\

\\

\\

\\

\\

Dated: September 25, 2026

Respectfully submitted,

*/s/ Jordan D. Howlette*

JORDAN D. HOWLETTE
FL Bar No.: 125031
Managing Attorney
Justly Prudent
420 Florida Ave. NE, Suite 27
Washington, DC 20002
Tel: (202) 921-6005
Fax: (202) 921-7102
jordan@justlyprudent.com
*Attorney for Defendant*