UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIZABETH KATHRYN HALL,

Plaintiff,

v.

Case No. 8:26-cv-02148-MSS-NHA

DEVEN NESHAUN PERSAUD,

Defendant.
_________________________________/

**UNIFORM CASE MANAGEMENT REPORT**

The parties submit this Case Management Report under Local Rule 3.02 and Federal Rule of Civil Procedure 26(f)(2). Defendant appeared on August 26, 2026 (Doc. 10), so this report is due October 5, 2026. Local Rule 3.02(b)(1). Where the parties' positions differ, each party's position is stated separately.

## 1. Date and Attendees

The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on October 8, 2026, by electronic means. William M. Powell, Esquire, attended for Plaintiff Elizabeth Kathryn Hall, and Jordan D. Howlette, Esquire, attended for Defendant Deven Neshaun Persaud.

## 2. Deadlines and Dates

The parties propose the following deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | October 16, 2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | January 29, 2027 |

| Action or Event | Date |
|---|---|
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff: June 4, 2027<br>Defendant: July 9, 2027<br>Rebuttal: August 6, 2027 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | September 3, 2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | Not applicable |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | October 1, 2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br>Mediator: to be designated by agreement of the parties and identified to the Court within thirty days after entry of the Case Management and Scheduling Order. | October 15, 2027 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | February 4, 2028 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | February 18, 2028 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | Week of February 28, 2028, as set by the Court |
| Month and year of the trial term. | March 2028 |

The trial will last approximately five days.

[X] Jury.

[ ] Non-jury.

## 3. Description of the Action

This is a civil-rights action under 42 U.S.C. § 1983 arising from the September 5, 2025 traffic stop of Plaintiff Elizabeth Kathryn Hall in Auburndale, Florida, and from her ensuing arrest and felony prosecution for resisting an officer with violence and battery on a law-enforcement officer.

Defendant Deven Neshaun Persaud, then an officer of the Auburndale Police Department, is sued in his individual capacity. The First Amended Complaint (Doc. 14) asserts five counts: First Amendment retaliation (Count I), unlawful stop (Count II), false arrest (Count III), excessive force (Count IV), and malicious prosecution (Count V). The State announced a nolle prosequi of the charges at the mandatory docket call on April 17, 2026, and filed it on April 23, 2026. Plaintiff seeks compensatory, special, nominal, and punitive damages, and attorney's fees and costs under 42 U.S.C. § 1988. Defendant denies liability and asserts eleven affirmative defenses (Doc. 15), including qualified immunity, reasonable suspicion and probable cause, de minimis force, the intervening decisions of the prosecutor and the court, good-faith reliance on supervisory review of his probable-cause affidavit, and failure to mitigate damages.

Cameras on the vehicle Plaintiff was driving recorded the stop and arrest, and the Auburndale Police Department conducted two administrative investigations of Defendant's conduct (AI 25-06 and AI 26-02); Defendant resigned during the second. Much of the relevant evidence is held by non-parties, including the City of Auburndale, the Polk County Sheriff's Office, and the Office of the State Attorney for the Tenth Judicial Circuit, and Plaintiff's initial disclosures identify approximately thirty persons with knowledge. The action is of moderate complexity.

Plaintiff anticipates she may move to join the City of Auburndale as a defendant, including on state-law claims subject to the presuit notice period of section 768.28(6), Florida Statutes, which expires in or about December 2026. The proposed joinder deadline accounts for that period. If the City is joined, the parties will promptly confer about whether any adjustment to this schedule is needed.

## 4. Disclosure Statement

[X] Each party has filed a disclosure statement using the required form. *See* Local Rule 3.03.

## 5. Related Action

[X] The parties acknowledge the continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

Local Rule 1.07(c), as amended effective November 1, 2025, reaches related actions that are pending or closed. Plaintiff will file a Notice of a

Related Action identifying the following closed proceeding, which arose from the same arrest: *State of Florida v. Elizabeth Kathryn Hall*, Case No. 53-2025-CF-008141-A000-BA, in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida (closed by nolle prosequi, April 2026).

**6. Consent to a Magistrate Judge**

With the consent of all parties, a United States magistrate judge in the Middle District of Florida may conduct any or all proceedings in a civil action, including a jury or non-jury trial, and order the entry of final judgment. *See* 28 U.S.C. § 636(c); Local Rule 1.02(a). Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

[ ] The parties consent and file with this case management report a completed Form AO 85 “Notice, Consent, and Reference of a Civil Action to a Magistrate Judge.”

[X] The parties do not consent.

**7. Preliminary Pretrial Conference**

[X] The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

[ ] The parties request a preliminary pretrial conference, and the parties want to discuss: ______________.

*Plaintiff's position:* Plaintiff does not request a preliminary pretrial conference unless Defendant seeks to stay, phase, or limit discovery on the basis of qualified immunity, in which case Plaintiff requests a conference so that the issue can be resolved before discovery begins.

*Defendant's position:* Defendant does not request a preliminary pretrial conference.

**8. Discovery Practice**

The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

[X] The parties confirm they will comply with their duty to confer with the opposing party in a good-faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); Fed. R. Civ. P. 37(a)(1).

## 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

**A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):**

[ ] Yes.

[ ] No; instead, the parties agree to these changes: ______________.

*Plaintiff's position:* No change is proposed other than the October 16, 2026 initial-disclosure deadline in Section 2. Plaintiff's initial disclosures and accompanying production are prepared and will be served on or before that date. Productions of recordings and other electronically stored information will be made by secure electronic transfer in the forms described in Part D. *Defendant's position:* No change is proposed other than the October 16, 2026 initial disclosure deadline in Section 2.

**B. Discovery may be needed on these subjects:**

(1) The September 5, 2025 call to the Polk County Sheriff's Office reporting the vehicle, the caller's identity and observations, the dispatch, CAD, and radio traffic, and Defendant's observations of Plaintiff's vehicle before the stop, including his following of the vehicle with his headlights off.

(2) The stop and encounter, including Defendant's commands, Plaintiff's statements and requests, Plaintiff's removal from the vehicle, the handcuffing, the taking of her cellular telephone, the force used, Defendant's claimed injuries and the photographs of them, and the arrest, transport, and booking.

(3) The vehicle's camera recordings, the compilation of those recordings provided to the State Attorney's Office and the Police Department, and their metadata, custody, and authenticity.

(4) The observations and any recordings of the other officers who responded to the scene, including Auburndale Police Department Officers Allison M. Peralta, Matthew S. Salicco, and Harry J. Beauliere and Polk County Sheriff's Office Deputy Marcus A. Johnson, and of Defendant's supervisors that night.

(5) The preparation, editing, review, approval, and attestation of Auburndale Police Department Report No. 25-1715 and the arrest affidavit, including e-mails transmitting report-narrative text to Defendant on September 6 and 7, 2025, the role of former Sergeant Tristen Lahr and of the supervisors who reviewed and approved the report and affidavit (on which Defendant's Tenth Affirmative Defense relies), and the records-management audit trails and revision histories for those documents.

(6) The prosecution, including the State Attorney's Office's intake and filing decision, discovery in the criminal case, the State's plea proposal, Defendant's deposition in the criminal case, the State Attorney's Office's April 10, 2026 meeting with Defendant, the nolle prosequi, Plaintiff's bond and release conditions, and Defendant's intervening-causation defense.

(7) Administrative Investigations 25-06 and 26-02, including the referral from the Federal Bureau of Investigation, Defendant's recorded statement, the State Attorney's Office witness statements, the native files and version histories of the investigative reports, Defendant's resignation, and the Affidavit of Separation and Internal Investigation Reports filed with the Criminal Justice Standards and Training Commission.

(8) Defendant's training, supervision, discipline, and personnel history; the relevant General Orders of the Auburndale Police Department; and, to the extent relevant to the claims, the defenses, or the anticipated claims against the City of Auburndale, the Department's report-review practices and former Sergeant Lahr's supervision and disciplinary history.

(9) Plaintiff's physical and emotional injuries; her criminal-defense and expungement costs; her lost earnings and sponsorship, coaching, and competitive opportunities; publicity and harassment following her arrest; property damage; and mitigation.

(10) Qualified immunity and Defendant's other affirmative defenses; Defendant's financial condition as it bears on punitive damages; and any insurance, risk-pool coverage, or indemnification, including under sections 111.07 and 111.071, Florida Statutes, that may satisfy a judgment.

Discovery will include written discovery, production of documents and recordings, party and non-party depositions, and subpoenas to non-party custodians, including the City of Auburndale, the Polk County Sheriff's

Office, the State Attorney's Office, the Polk County Clerk of Courts, and the Florida Department of Law Enforcement, as well as requests to the Federal Bureau of Investigation under 28 C.F.R. §§ 16.21–16.29. *Defendant's position:* Defendant agrees with Plaintiff's proposed scope of discovery.

**C. Discovery should be conducted in phases:**

[X] No.

[ ] Yes; describe the suggested phases.

*Plaintiff's position:* Discovery should proceed in a single phase. Defendant has answered and asserted qualified immunity as an affirmative defense (Doc. 15); no motion raising the defense is pending. The facts that bear on qualified immunity—what Defendant observed before the stop, what occurred at the scene, and whether his sworn account was accurate—are the same facts that bear on the merits, so phasing would require the same witnesses to be deposed twice without narrowing the issues. Plaintiff does not agree to stay or limit discovery pending a ruling on qualified immunity. *Defendant's position:* Discovery should proceed in a single phase.

**D. Are there issues about disclosure, discovery, or preservation of electronically stored information?**

[ ] No.

[X] Yes; describe the issue(s).

*Plaintiff's position:*

(1) *Preservation.* Each party will preserve relevant electronically stored information in its possession, custody, or control, including Plaintiff's native vehicle-camera recordings and devices and Defendant's personal devices and accounts, including any cellular telephone used to photograph his claimed injuries or to communicate about the incident, the report, or the investigations. Plaintiff will send preservation requests to the City of Auburndale, the Polk County Sheriff's Office, and the State Attorney's Office covering, among other things, CAD, radio, and vehicle-location data for Auburndale Police Department Unit 3003 and for Police Department vehicles observed near Plaintiff's residence after her arrest; mobile-data-terminal messages; records-management audit trails for Report No. 25-1715 and the arrest affidavit; e-mail, telephone recordings, and text messages of the involved personnel;

SharePoint and OneDrive version histories and audit logs; and booking, detention, and processing-center records.

(2) *Form of production.* Video and audio recordings Plaintiff produced in native format with original file names and metadata intact, together with a SHA-256 hash-value manifest. The vehicle-camera recordings consist of 228 native camera files (approximately 7.3 GB) and a compilation. E-mail produced in native (.msg or .eml) format or as searchable PDF with sender, recipient, date, subject, and attachment information preserved. Word-processing files will be produced in native format when drafting history or metadata is relevant, and other documents as searchable PDF. Large productions will be made by secure electronic transfer.

(3) *Authentication.* The parties will confer about stipulations under Federal Rules of Evidence 901 and 902(11), (13), and (14) for the vehicle-camera recordings and for public and business records produced by non-parties, to avoid unnecessary custodian depositions.

(4) *Search.* Before any party searches large e-mail or messaging sources, the parties will confer about custodians, date ranges, and search terms.

*Defendant's position:* Defendant has not been made aware of any issues unique to this specific case regarding disclosure, discovery, or preservation of electronically stored information.

**E. The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).**

[X] Yes.

[ ] No.

*Plaintiff's position:* A party withholding information as privileged or protected will expressly make the claim and serve a log complying with Rule 26(b)(5)(A) within thirty days after the response asserting the withholding, unless the parties agree or the Court orders otherwise. Communications between a party and the counsel representing that party in this action, and that counsel's work product, need not be logged, regardless of date. Communications between Plaintiff and her criminal-defense counsel in the criminal case remain privileged and may be logged by category; Plaintiff's claim for criminal-defense fees does not waive the

privilege, and Plaintiff will produce the fee invoices and payment records with privileged narrative redacted and logged.

Plaintiff proposes that the Court enter an order under Federal Rule of Evidence 502(d) providing that the production of privileged or work-product material in this action does not waive the privilege or protection in this or any other federal or state proceeding, with return or sequestration under Rule 26(b)(5)(B).

Discovery will include medical, financial, and personnel records containing personal identifying information. The parties may enter into a written confidentiality agreement governing such records. Any such agreement will provide that no party may file a document under seal without first obtaining leave of Court under Local Rule 1.11. *Defendant's position:* Defendant consents to Plaintiff's proposal.

**F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:**

[ ] No.

[X] Yes; describe the stipulation.

*Plaintiff's position:* Plaintiff proposes that the parties stipulate to up to fifteen depositions per side, not counting depositions of records custodians on written questions under Rule 31, because Plaintiff's disclosures identify approximately thirty persons with knowledge, including the responding officers, Defendant's supervisors and report reviewers, the Police Department's investigators and command staff, and damages witnesses; up to ten hours, over no more than two days, for Plaintiff's deposition of Defendant; and (3) if the City of Auburndale is joined as a party, any witness deposed before joinder may be deposed again, without leave under Rule 30(a)(2)(A)(ii), on matters relating to the claims against the City, for no more than four additional hours. No other change to the limitations under the Federal Rules of Civil Procedure and Local Rule 3.04 is proposed. *Defendant's position:* Defendant stipulates to the limitations on discovery proposed by Plaintiff.

## 10. Request for Special Handling

[X] The parties do not request special handling.

[ ] The parties request special handling. Specifically, ______________.

[ ] ______________ unilaterally requests special handling. Specifically, ______________.

## 11. Certification of Familiarity with the Local Rules

[X] The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

**/s/ William M. Powell**
William M. Powell, Esquire
Florida Bar No. 343994
Powell Law Offices, P.A.
2256 First Street, Suite 226
Fort Myers, Florida 33901
Telephone: (239) 540-3333
E-mail: william@lawinfo.pro
Counsel for Plaintiff Elizabeth Kathryn Hall
Date: October 9th, 2026

**/s/ Jordan D. Howlette**
Jordan D. Howlette, Esquire
Florida Bar No. 125031
Justly Prudent
420 Florida Avenue NE, Suite 27
Washington, DC 20002
Telephone: (202) 921-6005
E-mail: jordan@justlyprudent.com
Counsel for Defendant Deven Neshaun Persaud
Date: October 9th, 2026